**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:19-81407-CIV-SMITH/MAYNARD**

NATURAL LANDS, LLC,

Plaintiff,

v.

CITY OF BOCA RATON,

Defendant.

______________________________________/

**ORDER AFFIRMING AND ADOPTING IN PART**
**REPORT AND RECOMMENDATION**

This matter is before the Court upon Magistrate Judge Maynard's Report and Recommendation (the "Report") [DE 248] on Defendant City of Boca Raton's (the "City") Memorandum in Support of Application for Attorney's Fees [DE 242] and the City's Objections [DE 249]. Plaintiff filed a Response to the City's Objections [DE 250]. In her Report, Magistrate Judge Maynard recommends that the City's Application for Attorney's Fees be denied.

Having conducted a *de novo* review, the Court adopts the Magistrate Judge's recommendation that the City's Application for Attorney's Fees be denied. The Court sustains, however, the City's objection to the Report's analysis of the first factor under *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182 (11th Cir. 1985), and declines to adopt that portion of the Report. The Court likewise adopts the Report's conclusion on the fourth consideration but modifies its supporting analysis as set forth below. The Report is otherwise adopted in full.

This action concerns the City Council's denial of Plaintiff's variance application to build a single-family home on undeveloped oceanfront property in Boca Raton. Plaintiff alleged that three Council members had prejudged the application but participated in the hearing after the City Council denied Plaintiff's request for their recusal, depriving it of an impartial hearing. The

Amended Complaint asserted federal and state inverse-condemnation claims (Counts I and II), an inverse-condemnation due process claim (Count III), and declaratory relief (Count IV). After the City challenged Plaintiff's procedural due process theory, Plaintiff withdrew certain claims, and the Court denied the City's motion as moot. During the ensuing five-day bench trial, Plaintiff continued to advance its procedural due process theory, which the Court considered over the City's renewed objection.

Following trial, the Court rejected Plaintiff's takings theory but found that three Council members' bias deprived Plaintiff of an impartial hearing. The Court granted declaratory and injunctive relief barring those members from participating in future consideration of Plaintiff's variance application and awarded Plaintiff attorney's fees incurred in litigating the procedural due process claim. The City appealed. The Eleventh Circuit reversed and remanded with instructions to dismiss the procedural due process claim because an adequate remedy was available through Florida state court certiorari review. The City, now the prevailing party, seeks $167,382.50 in appellate attorney's fees.[1]

A prevailing defendant may recover attorney's fees under 42 U.S.C. § 1988 only where the plaintiff's claim was "frivolous, unreasonable, or groundless," or the plaintiff continued to litigate after the claim clearly became so. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). In making that determination, courts consider (1) whether the plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the case was dismissed before trial or proceeded to a full trial on the merits. *Sullivan*, 773 F.2d at 1189.

Courts also consider a fourth consideration, "whether there was enough support for the claim to warrant close attention by the court." *Beach Blitz Co. v. City of Miami Beach*, 13 F.4th

[1] The Eleventh Circuit transferred the City's application for appellate attorney's fees to this Court to determine whether the City is entitled to such fees and, if so, in what amount. *See* [DE 241].

1289, 1302 (11th Cir. 2021). The Eleventh Circuit has explained that § 1983 claims "should not be considered groundless or without foundation" when they are "meritorious enough to receive careful attention and review." *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991). An award of fees may therefore constitute an abuse of discretion when a claim warranted close attention "even when the other guideposts pointed toward finding the claim frivolous." *Beach Blitz*, 13 F.4th at 1302 (citing *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181–82 (11th Cir. 2005)).

These considerations, however, are "general guidelines only, not hard and fast rules," and "[d]eterminations regarding frivolity are to be made on a case-by-case basis." *Sullivan*, 773 F.2d at 1189. Indeed, "*Sullivan* does not create a bright line checklist nor does it permit of a mechanical application." *Bonner v. Mobile Energy Servs. Co.*, 246 F.3d 1303, 1305 n.9 (11th Cir. 2001). Accordingly, "[a] case may be weak, but as long as it is not 'without circumstantial foundation,' it is not frivolous." *Barnhart v. Lamar Advert. Co.*, 523 F. App'x 635, 638 (11th Cir. 2013) (quoting *Hudson v. Int'l Comput. Negotiations, Inc.*, 499 F.3d 1252, 1265 (11th Cir. 2007)).

**I. The City's Objections**

As to the first *Sullivan* factor, the Court departs from the Report's conclusion that Plaintiff established a prima facie procedural due process claim. The Report reasoned that Plaintiff "did more than present a prima facie case" because it prevailed at trial. However, a procedural due process claim requires a constitutionally inadequate process. *McKinney v. Pate*, 20 F.3d 1550, 1557, 1562–64 (11th Cir. 1994) (en banc). As the Report itself recognizes, the Eleventh Circuit, in directing dismissal of the claim, held that Florida provided an adequate remedy capable of correcting the alleged procedural deficiency. Plaintiff therefore could not establish that element of its procedural due process claim. Accordingly, the first *Sullivan* factor favors the City, and the City's objection on this ground is sustained.

The Court also agrees with the Magistrate Judge's assessment of the second *Sullivan* factor—whether the defendant offered to settle. Because the City's offer of judgment was made in connection with Plaintiff's takings claims and was conditioned on conveyance of the property to the City, the Report appropriately gave the offer of judgment "little weight in either direction." Further, the City itself asks that this factor be treated as neutral. The Court therefore adopts the Report's analysis on this point.

Next, the Court adopts the Report's conclusion that the third *Sullivan* factor—whether the case was dismissed before trial or proceeded to a full trial on the merits—does not support an award of fees. The City renews its argument that Plaintiff improperly revived at trial the due process claims it had withdrawn after the City invoked *McKinney*. The Report considered that procedural history but appropriately noted that, over the City's opposition, the Court ultimately adjudicated the procedural due process theory on its merits and entered judgment for Plaintiff. This factor therefore does not support an award of attorney's fees to the City.

Finally, the Court adopts the Magistrate Judge's conclusion on the fourth consideration, with the following modifications to the supporting analysis. As the City correctly asserts, the question is whether the claim had sufficient support to warrant close judicial attention, not merely whether it actually received such attention from the Court. *See Beach Blitz*, 13 F.4th at 1302. The Court therefore declines to adopt the Report's reasoning to the extent it treats the attention given to the claim, or Plaintiff's initial success, as sufficient on its own to establish that the claim was nonfrivolous.

The Report nevertheless correctly distinguishes legal insufficiency from frivolity. *See Hughes v. Rowe,* 449 U.S. 5, 15–16 (1980) (per curiam). Although Plaintiff's challenge to the adequacy of the state-court certiorari review ultimately failed under *McKinney*, the limited authority Plaintiff provided in support, considered with the findings that Council members had

prejudged Plaintiff's application, supplied an arguable, though weak, basis for examining whether the corrective process could provide an impartial reconsideration. For the same reasons, the Court concludes that Plaintiff's position remained arguable on appeal despite the early invocation of *McKinney*, Plaintiff's prior withdrawal of its claims, and the certiorari relief later obtained by the owner of the neighboring "Sweetapple lot." Accordingly, the Court overrules the City's objection concerning continued litigation.

In sum, the Court sustains the City's objection to the Report's analysis of the first *Sullivan* factor and declines to adopt that analysis. The Court also modifies the analysis of the fourth consideration while adopting the Magistrate Judge's ultimate conclusion. The City's remaining objections largely renew arguments the Magistrate Judge considered and, for the reasons stated above, do not warrant rejecting the recommended disposition. *See Rodriguez v. Inch*, No. 2:19-CV-14250-KMM, 2022 WL 2528410, at *2 (S.D. Fla. July 7, 2022) (explaining that objections are improper when they "expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions"). Accordingly, it is

**ORDERED** that:

1) Magistrate Judge Maynard's Report and Recommendation [DE 248] is **ADOPTED in part, as modified by this Order.**

2) The City's Objections to Report and Recommendation [DE 249] are **SUSTAINED in part and OVERRULED in part**.

3) The City's Application for Attorney's Fees [DE 242] is **DENIED.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 29th day of September, 2026.



**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**

cc: All Counsel of Record